**RECEIVED**

SEP 0 4 2025

U.S. DISTRICT COURT
DISTRICT OF R.I.

Information in support of 2241                    Wednesday Aug. 27, 2025
Sarah Cavanaugh
BOP # 90889-509
Wyatt Detention Center

In support of my 2241 motion presently before the court, I wish to provide additional information in support of my claim.

I have included the DHO report in regards to incident #4171493 and wish to name Mr. Patrick McFarland as Respondent. His name is on DHO report and RRC staff named him as individual who made remand decision. DHO and CDC documents do not reference, recommend, or adopt imprisonment at a secure facility. Though Mr. McFarland's address is in New York, he is capable of issuing remand documents to the Marshalls in R.I. and DHO decision to staff at Wyatt. It appears he is capable of responding to issues in R.I. from his New York office. Thus, I am asserting that Patrick McFarland violated my due process rights by revoking my community confinement without a proper revocation hearing required by Morrissey.

Also included is my appeal letter to Ms. Amy Boncher, Regional Director, contesting my loss of good-time credits and re-incarceration. Under Wolff, a prisoner must be offered a fair and impartial hearing officer and a written statement of the disposition, including the evidence relied upon and the reasons for disciplinary action taken. There is no evidence in the record that supports claim that I created a hostile environment. Ashanti informed me at hearing that male residents were those heard using hostile language and incident report supports this by stating "that other residents were discussing the arrival of this new resident in a chastising manner..." Also, during incident report delivery, both Program Director and Assistant Director agreed that I had not used hostile language or acted aggressively towards new

1

resident and I documented this in my letter to Program Director with my BP-8. During the delivery of the incident report, Program Director acknowledged she had spoken to RRC staff following our phone call on 8/13/25, and staff admitted to disclosing New resident's identifying information to me. She said she removed her accusation (from incident report) that I had resident's information from another source and that I lied to her about staff disclosure. I asked for this information to be included in incident report because it is relevant to the claim of "overstepping boundaries," and she told me it would not be added.

During CDC hearing, I asked for witness statement to be included, specifying that staff engaged in inappropriate conversation with me by telling me about other resident. My request is documented in CDC report, yet witness statement was not obtained or submitted to DHO for review. Also, Ashanti conducted my CDC hearing, even though she was a staff member identified in report. She reported I said "if they have one, they can't room with me." I felt I could not contest this statement during the hearing because at no time since this incident have staff admitted to any wrong-doing. I understood Ashanti would make sanction recommendation and I was not comfortable confronting this false statement to her.

I am providing this information to demonstrate the prejudice I experienced by the non compliance to CDC requirements of a fair and impartial hearing officer and a written

2

Statement of the disposition, including the evidence relied upon and the reasons for the disciplinary action taken (my re-incarceration). I have not recieved a preliminary hearing related to my reincarceration.

In Cohn v. Fed. Bureau of Prisons, 302 F. Supp. 2d 267 (2004), a "community confinement center (CCC) is not a place of the prisoner's imprisonment," and therefore 18 U.S.C.S. § 3261(b)'s general authority is not applicable to back end CCC designation. I am requesting to be released because my rights have been violated and there is no documented reason for my reincarceration.

Wyatt Unit Manager informed me that internal system states I am detained for "probation violation." I reached out to Clara Felix (my probation officer) and she told me it was not a probation violation. Unit Manager encouraged me to obtain legal counsel, however, I am unable to obtain counsel because I do not have the money to do so.

The abrupt seperation from my family, my employment, and my medical treatment has created a severe hardship for me. I reported my medical issue to Provider at Wyatt, who had me sign a release of information (for outside provider), and

3

provider told me she would request Marshalls to transport me to 8/28/25 appointment. I have recieved no information regarding attending appointment.

Removal from the program has effected me greatly. RRC staff repeatedly assured me I was doing well and when I made mistakes, they re-assured me that remand is a last resort. Staff told me about residents who failed breathalyzers, where at unauthorized locations, and one who obtained EBT benefits fraudently, as examples of more serious infractions that had not resulted in remand. At no point, during my community confinement, did RRC staff lead me to believe that I would be re-incarcerated without a major infraction (ex. an escape).

I respectfully submit this information for the court's consideration.

Thank you,

Sarah Camel