RECEIVED

SEP 0 4 2025

U.S. DISTRICT COURT
DISTRICT OF R.I.

Wednesday Aug 26 2025
BP-230

Regional Administrative Remedy Form
Sarah Cavanaugh
BOP # 90889-509
Wyatt Detention Center

TO: Amy Boncher, Regional Director

I, Sarah Cavanaugh, wish to appeal the sanction for incident report # 4171493. Based on documentation enclosed, I am contesting the loss of 14 good-time days and my re-incarceration. RRC staff informed me during CDC hearing on 8/21/25, that my re-incarceration was result of this incident report. However, there is no recommendation or ruling relating to my imprisonment at a secure facility. I have been incarcerated at Wyatt Detention Center since 8/15/25.

I do not have access to BOP forms which is why my appeal is handwritten.

I am contesting DHO decision because there is no record/evidence that I created a hostile environment. Incident report and CDC hearing officer identify other residents as source of inappropriate discussion of individual. There is also no report of harrassment or other aggressive behavior/language from me.

I also requested a witness statement from RRC staff member attesting to staff member's disclosure of new resident's identifying information and witness statement was not obtained. CDC Action sheet is blank and CDC hearing officer was not impartial; Ashanti was a staff member listed in incident report. Because I was not afforded CDC requirements of a fair + impartial hearing officer, a written statement of the disposition, including evidence relied upon and the reasons for the remand, the opportunity to present witness

statements, and re-incarcerated for disciplinary issue prior to CDC/DHO hearings, I am requesting the re-instatement of 14 good-time days and release to RRC program.

By not including witness statement supporting my defense of maintaining boundaries with staff because staff engaged in a reciprocal conversation with me that started because of staff disclosure, I do not believe a fair decision can be made regarding a sanction.

Thank you for your consideration

Sarah Cavanaugh   #90889 509

2



## UNITED STATES DEPARTMENT OF JUSTICE

### Federal Bureau of Prisons

### New York Community Corrections Office

**201 Varick Street, Suite 849**
**New York NY 10014**

Date:        August 27, 2025

                    //s// for *Altareek Williams*

From:        Patrick McFarland,
             Residential Reentry Manager

*RECEIVED*

*SEP 0 4 2025*

*U.S. DISTRICT COURT*
*DISTRICT OF R.I.*

Subject:     Incident Report Sanction Notice
             Incident Report Number: 4171493

             Cavanaugh, Sarah
             Reg. No. 90889-509

Attached is your copy of the Center Discipline Committee Report pertaining to the above referenced incident(s) along with a Regional Administrative Remedy form (BP- 230, formerly known as BP-10).

If you disagree with the findings and/or actions, you may file the administrative remedy within twenty (20) calendar days from the date you receive this notice. You must date and sign the appeal form and all documents must be mailed to:

Amy Boncher, Regional Director
Federal Bureau of Prisons
Northeast Regional Office
U.S. Custom House - 7th Floor
2nd & Chestnut Street
Philadelphia, PA 19106

Be advised if your appeal is properly submitted and accepted, it will be logged into the Administrative Remedy index. The Regional Office will have thirty (30) calendar days in which to respond to your appeal from the date in which it is logged. Should you have any questions regarding this matter, you may contact the Northeast Regional Office

Cc: Inmate File
    CNK File

```
RBKG0              *        INMATE DISCIPLINE        *    08-26-2025
PAGE 001 OF 001 *              UPDATE CHARGES        *    11:39:05
```

REGISTER NUMBER...: `90889-509`         NAME..........: `CAVANAUGH`
REPORT NUMBER.....: `4171493`           FUNCTION......: `ADD`
INCIDENT DATE/TIME: `08-13-2025` `1527`  INCIDENT FACL.: `CNK`
REPORT DATE/TIME..: `08-13-2025` `1625`  INVESTIGATOR..: `RIVERA`
STATUS...........: `CDC`                STATUS UPDT BY: `R.ST.LOUIS`
STATUS DATE/TIME..: `08-26-2025` `1138`  STATUS FACL...: `RBK`
REPORT REMARKS....( `CDC HEARING CODE 309`                         )
                  (                                                )

CHARGE: `309` VIOLATING A COND OF A COMM PGM
CHARGE: `   `
CHARGE: `   `
CHARGE: `   `
CHARGE: `   `
CHARGE: `   `
CHARGE: `   `
CHARGE: `   `
CHARGE: `   `


G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

```
RBKG0               *        INMATE DISCIPLINE        *    08-26-2025
PAGE 001 OF 001  *     ADD HEARING / FINDINGS         *    11:40:32
```

REGISTER NO.. `90889-509`   NAME... `CAVANAUGH`          REPORT NO. `4171493`
FUNCTION..... `ADD`   HEARING DATE/TM. `08-26-2025` `1140`  HEAR TYPE. `CDC`
UDC/CDC LOC.. `FB2`   DHO/CHAIRPERSON. `R.ST.LOUIS`    HEAR FACL. `CNK`
AVAIL SGT.... `    `   AVAIL GCT....... `54`            REHEARING. `N`
STATUS....... `SANCTIONED`  AVAIL NVGCT..... `    `     ABSENTIA.. `N`
REPORT RMKS.. `FORWARDED TO THE DHO`

ACT `309` VIOLATING A COND OF A COMM PGM      FREQ `1` ATI. `   ` RFP `  `
  SANC `DIS GCT`  AMT `14`        / `DAYS`    CS/CC `CS` SUSP `  ` CMP `010` LAW `P`
  FROM `         `  RMK `                                  `
  THRU `         `

ACT `     `                              FREQ `  ` ATI. `   ` RFP `  `
  SANC `         `  AMT `         ` / `        ` CS/CC `  ` SUSP `  ` CMP `  ` LAW `  `
  FROM `         `  RMK `                                  `
  THRU `         `

ACT `     `                              FREQ `  ` ATI. `   ` RFP `  `
  SANC `         `  AMT `         ` / `        ` CS/CC `  ` SUSP `  ` CMP `  ` LAW `  `
  FROM `         `  RMK `                                  `
  THRU `         `

`G5459`    WARNING:  AMOUNT FOR GOOD CONDUCT TIME EXCEEDS LIMIT FOR ACT/FREQ

G5465      TRANS COMPLETE; ADD MORE ACTS/SANCS TO EXISTING HEARING IF DESIRED

BP-A0494
JUN 10

## CHECKLIST FOR CDC CERTIFICATION

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

| Name of Inmate | Register No. |
|---|---|
| cavanaugh, sarah | 90889-509 |

Facility
Houston House RRC

| YES | NO | N/A | | |
|---|---|---|---|---|
| ✔ | — | — | (1) | ADVANCE NOTICE OF CHARGE<br>The inmate was given advance written notice of the charge(s) against him no less than 24 hours before the appearance before the CDC. |
| — | — | ✔ | (2) | If the answer to (1) is "No":<br>(a) The inmate waived the 24-hour notice, or<br>(b) There exists a valid reason why the 24-hour notice was not given. The reason is: |
| | | | | **STAFF REPRESENTATION** |
| — | ✔ | — | (3) | The inmate requested a staff representative and that staff representative appeared. |
| — | ✔ | — | (4) | The inmate did not request a staff representative and, thereby, waived the right to a staff representative. |
| — | — | ✔ | (5) | The inmate requested a representative who refused or was unable to appear, and the inmate chose to continue the hearing in the absence of requested representative after being advised of the option ot postpone the hearing in order to obtain another representative. |
| | | | | **WITNESSES AND DOCUMENTARY EVIDENCE** |
| — | ✔ | — | (6) | The inmate waived the right to call witnesses. |
| ✔ | — | — | (7) | The inmate requested witnesses. |
| — | ✔ | — | (a) | The requested witnesses appeared and statements are summarized in the record. |
| — | — | ✔ | (b) | Reasons for not calling requested witnesses are documented in the record. |
| ✔ | — | — | (c) | Written statements of unavailable witnesses were submitted, considered, and included in the record. |
| ✔ | — | — | (8) | The inmate submitted written documentation which was considered and is included in the record. |
| ✔ | — | — | (9) | The inmate's statement to the CDC is summarized in the record. |
| | | | | **FINDINGS AND SPECIFIC EVIDENCE** |
| ✔ | — | — | (10) | The findings of the CDC are supported by a substantial factual basis. |
| ✔ | — | — | (11) | The specific evidence relied on is adequately documented in the record. |
| | | | | **SANCTION** |
| ✔ | — | — | (12) | The sanction recommended by the CDC is proportionate to the offense committed. |
| ✔ | — | — | (13) | The reasons for the sanction are adequately documented in the record. |
| ✔ | — | — | (14) | The DHO has added sanctions. |

| DHO Signature | Date |
|---|---|
| *[signature]* | 8/26/25 |

PDF

Prescribed by P7300

(Replaces BP-494 of MAR 1991.)

**Part II - CDC Action**

17.  Comments of Inmate to CDC Regarding Above Incident

18. A.   It is the finding of the CDC That You:

_____  Committed the following Prohibited Act

_____  Did not commit a prohibited Act.

B.  _____  The CDC is referring the charge(s) to the DHO
For Further hearing.

C.  _____  The CDC advised the offender of its finding and of the
right to file an appeal within 20

19.  Committee Decision is Based On The Following Information

20.  Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date and time of action  _____  (The CDC Chairperson's signature next to name certifies who sat on the UDC that
completed report accurately reflects the CDC procedings.)

_____          _____          _____
Chairperson(Typed Name/Signature)         Member (Typed Name)                    Member (Typed Name)

BP-A0206    **INMATE RIGHTS AT CENTER DISCIPLINE COMMITTEE HEARING (RRC'S)**    CDFRM
JUN 10
**U.S. DEPARTMENT OF JUSTICE**                           **FEDERAL BUREAU OF PRISONS**

Houston House - RRC
Facility

As an inmate charged with a violation of Center rules or regulations referred to the Discipline Committee for disposition ,you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Center Discipline Committee;

2. The right to have a member of the staff who is reasonably available represent you before the Center Discipline Committee;

3. The right to call witnesses and present documentary evidence in your behalf, provided Center safety would not be jeopardized;

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the Center Discipline Committee hearing except during Committee deliberations and except where Center safety would be jeopardized;

6. The right to be advised of the Center Discipline Committee recommendation and Bureau of Prisons' decision, the facts supporting the recommendation and decision, except where Center safety would be jeopardized, and the disposition in writing; and,

7. The right to contest under Administrative Remedy procedures or by letter the Bureau of Prisons' decision to the Regional Director within 20 days of notice of the decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a Center Discipline Committee hearing.

Signed: _____    Reg. No.: 90889509    Date: 8/21/25

Notice of rights given to Inmate on 8/21/25 by _____
_____Date_____                    Employee Signature

---

**INMATE RIGHTS AT CENTER DISCIPLINE COMMITTEE HEARING (RRC's)**

Houston House - RRC
Facility

When an inmate has been advised of the rights afforded at a Center Discipline hearing, but refuses to sign the acknowledgment, the following should be completed.

I have personally advised _____ of the above rights afforded
                          Inmate's name and Register No.
at a Center Discipline Committee hearing, however, the inmate refused to sign the acknowledgment.

Signed: _____

_____
(Employee's Typed Name)

_____
(Date)

N/A

| BP-A0495<br>JUN 10 | **WAIVER OF APPEARANCE** | **U.S. DEPARTMENT OF JUSTICE**<br>**FEDERAL BUREAU OF PRISONS** |

Houston House - RRC
_____
Facility

I, _____ , have
Name/Register No.

been advised of my right to appear before the (specify)

_____ (CDC, UDC, DHO, SRO)

on _____ . I do not wish to appear, and I hereby waive that right.


_____
Inmate Signature


_____
Register Number


Witness: _____
Staff Member Printed Name/Signature/Date


I saw inmate _____
Inmate Name/Register No.

at _____ at _____
Time/Date                              Specific location, e.g. Room No.

and advised the inmate of the right to appear before the (specify)

_____ on _____
CDC, UDC, DHO, SRO                              Date


The inmate declined to appear at the hearing, but refused to sign a Waiver of Appearance.


_____
Staff Member Printed Name/Signature/Date


_____
Second Staff Member Printed Name/Signature/Date


PDF                              Prescribed by P7310                              (Replaces BP-495 of MAR 91.)

BP-A0208
JUN 10

**CENTER DISCIPLINE COMMITTEE REPORT (CCC'S)**

**U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS**

| Name of Inmate | Register Number | Hearing Date |
|---|---|---|
| Sarah Cavanaugh | 90889-509 | 8/21/25 |
| Date of Incident | Date of Incident Report | Prohibited Act(s) Code |
| 8/12/25 | 8/13/25 | 309 |

Summary of Charge(s)

Violating a condition of a community program.

**I. NOTICE OF CHARGE(S)**   8/16/25   BF Lewis   Date   Typed Name/Signature DHO

A. Advance written notice of charges (copy of incident report) was given to inmate on 8/13/25   at 4:44pm   by Diamond Rivera
   Date   Time

B. The CDC Hearing was held on 8/21/25   at ~~9:00 pm~~ 11:03am
   Date   Time

C. The inmate was advised of his rights before this CDC by Lorainne Rodriguez
   on 8/21/25   and a copy of the advisement of rights form is attached.
   Date

**II. STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative: (Yes/No/NA) Yes.

B. Inmate requested staff representative and _____ appeared. n/a

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that n/a

**III. PRESENTATION OF EVIDENCE**

A. Inmate has been advised of his right to present a statement or to remain silent, to present documents, including written statements of unavailable witnesses, and for relevant and material witnesses to appear in his behalf at the hearing.
   Inmate admits/denies the charge(s).
   Denies creating a hostile enviroment.

B. Summary of Inmate Statement: attached.

C. Witnesses:
   1. The inmate requested witnesses: (Yes/No/NA) Yes
   2. The following persons were called as witnesses at this hearing and appeared: Olasunkanmi Ijadoula.

   3. A summary of testimony of each is attached: (Yes/No/NA) Yes
   4. The following persons requested were not called for the reason(s) given: n/a
   5. Unavailable witnesses were requested to submit written statements and those statements were considered: (Yes/No/NA) n/a

D. Documentary Evidence: In addition to the Incident Report and Investigation, the Committee considered the following documents:

E. Confidential information was considered by the CDC and not provided to inmate (Yes/No/NA) N/A

The inmate states that she was contacted by Destiny and Diamond via telephone and claims they told her she was lying about how she knew the name of the incoming resident and that they asked the staff and staff denied giving Cavanaugh any information.

During the delivery of the incident report, Cavanaugh reported that PD Diamond told her she spoke with staff and that they took accountability of giving the name of the income resident to Cavanaugh. Inmate stated that Diamond apologized for calling her a liar. The inmate would also like the record to show she is in treatment to help her work on social queues and admits to having issues with ambiguity due to her diagnosis of Ambergers (ASD).

systems/news releases. Janai rolled towards Kenny and both looked at his computer screen, disclosed that this individual's last name was actually "Rose," and that they were to present to Houston House at 11a on 8/13/2025 from Probation. I then showed the news release from DOJ on my phone that identified this individual as a biological-male "Anthony," and was informed by staff that this person was actually not assigned to my room, but the room next to me.

- **This interaction is not documented in the incident report.**

o On 8/13/2025 at approximately 7:16a, staff member Destiny Soeum called me to ask me how I knew the new resident's name prior to their arrival. I informed Destiny that I was given the name by a staff member and she replied that staff had reported that I came to them with the resident's name and that it was not disclosed to me. I informed Destiny that staff member had given me resident's name and that I did not know or have any identifying information regarding this resident until staff disclosure.

- **This interaction is not documented in the incident report.**

o On 8/13/2025 at approximately 2:53p, program director Diamond called me to ask me about incident and I reported her to the disclosure from staff and the questions I asked related to individual's room assignment and gender identity. She informed me that she had spoken to staff members individually and separately and that staff members reported that they had not disclosed individual's name to me and that I had "come to them," with name. I told her this was false and she told me she did not believe me, that I was lying about incident. She then informed me that I was not to ask any questions regarding other residents and that my questioning had created a hostile environment for individual due discussions by other residents "in a chastising manner."

- Incident report states that "Cavanaugh only admitted to approaching staff at feont desk and asking..." and **does not correctly document other important components of telephone call, specifically my statement that information was disclosed to me by staff.**

### Incident Report Delivery – 8/13/2025, 4:44 p.m.

The incident report was delivered to me by Program Director Diamond, with Assistant Program Director Ari present. During our discussion, Diamond explained that she had spoken with staff who confirmed they had disclosed information and that she would follow up regarding inappropriate disclosure of HIPAA-protected information. Diamond apologized and acknowledged that I had not lied about the events in our prior phone conversation.

I asked many questions during the incident report delivery due to my lack of understanding of the specific violation. Asking questions about other residents is not listed in the Houston House handbook as inappropriate or a violation of program rules. Diamond clarified that if my questions had been directed only to staff at the front desk, rather than in the presence of other residents, I would not have received an incident report. Instead, I would have simply been reminded to maintain appropriate boundaries and only inquire about matters related to myself. Diamond explained that, because I asked about an individual's gender identity in front of other residents, my question became the source of other residents' inappropriate discussions. She instructed me to have no contact with the resident involved in this incident and to refrain from

Houston House Residential Reentry Center
67 Slater Street, Pawtucket, RI 02860



TO: DHO
From: Ariyana Morales, Assistant Director
Date: 08/25/25
Re: Sarah Cavanaugh (reg # 90889-509)


To Whom It May Concern,

An investigation was conducted on 8/21/25 for resident Sarah Cavanaugh (reg # 90889-509) at the Wyatt Detention Facility Center. Please note the delay was due to not having certified CDC trained administration available to properly complete the investigation.

Thank you.

Ariyana Morales
Assistant Director
Houston House RRC
Armorales@crj.org