<u>Support Document for 2241</u>
Sarah Cavanaugh
BOP # 90889-509
Wyatt Detention Center

RECEIVED September 8, 2025

SEP 11 2025

U.S. DISTRICT COURT
DISTRICT OF R.I.

I have been informed that I will be moved out of custody in Rhode Island by transfer to a BOP facility and that my motion will be "moot" before this court because I no longer will be within this court's jurisdiction. If the information I have been provided is true, and the court finds my motion "moot," can the court please transfer my motion to the appropriate district?

If the court is still willing to consider my motion, I wish to provide the following information:

As of today, I have recieved no formal documentation regarding my reincarceration and no responses to my administrative remedies.

There are several cases that resemble mine, specifically in that Patrick McFarland was the key actor in determining whether an alleged violation would result in revocation. These cases include:
Tompkins v. Pullen, Lallave v. Martinez, Freeman v. Pullen, and Cardoza v. Pullen

As in these cases, I am asking the court to determine that I have a liberty interest in remaining on community confinement that triggers due process protections. My release on community confinement was not like incarceration in a traditional custodial setting and was more analogous to a work release, pre-parole, and parole program. While on community confinement, Houston House staff provided me examples of infractions that warranted remand (ex. escape) and examples of infractions current residents had received (ex. failed breathalyzer, being at an unauthorized location, obtaining EBT benefits fraudulently) that were more serious than mine, that had

1

not resulted in remand. Even Assistant Program Director (Ari) told me during incident report delivery on 8/13/25, that she would conduct the investigation and recommend loss of good time. Staff repeatedly told me I was doing well at program and referenced my employment and phase progression.

At no time prior to my reincarceration was I afforded due process. I was re-incarcerated prior to CDC hearing and DHO hearing.

The change in conditions, from community confinement to incarceration at a maximum security detention center, has created an atypical and significant hardship on me. I have not been given my medications as prescribed and have not seen a mental health provider (outside of intake). I have missed therapy and medication appointments while incarcerated. I am not sleeping.

On top of these changes, I was not afforded a fair and impartial hearing officer or a written statement of the disposition, including the evidence relied upon and the reasons for my remand, as required by Wolff and Morrissey.
In Williams v. Ives, 2017 U.S. Dist. Lexis 38130, at *19, 2017 WL 1030114, at *7 (C.D. Cal. Jan. 31, 2017), if CDC finds that a prohibited act was committed, the Chair person completes Part II of the incident report and BOP form Notice CDC Report with "the evidence relied upon, the decision, and the reasons for the recommendations" written in specific terms 'unless doing so would jeopardize center or individual security.'"
My Part II of CDC report is blank and the witness statement I requested was not submitted to DHO. Plus, multiple staff identified male residents as individuals using derogatory terms, not me. There is no evidence that I ever acted hostile or used hostile

2

language. I have no history of violence and never recieved an incident report from BOP during my entire incarceration.

This is why I am asserting that, on top of the violation to my due process, I am also experiencing retaliation for filing a grievance, which violates my First Amendment right to free speech. The timeline of events supports that RRC staff and BOP staff (Patrick McFarland) reincarcerated me for my submission of BP-8 with letter on 8/14/25. The incident of questioning who my new roommate would be occurred on 8/12/25, with delivery of incident report on 8/13/25. I was not subject to any adverse action until the morning of 8/15/25, following the submission of BP-8 on 8/14/25 at night. I am being punished for my speech (in letter) that requested incident report be updated to reflect the facts of the entire situation. Program Director made it clear to me, during incident report delivery, that inappropriate staff behavior would not be included in report, regardless of the fact that it was relevant to the "overstepping boundaries" claim. Staff also attempted to pressure me to change my accounts of the event, by seeking to have me falsely incriminate myself by telling me I was lying about staff disclosure of resident Rose's identifying information. There was no legitimate penological objective to be served by attempting to force me to provide false information; it only served to protect staff.

    A plantiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitary and capricious" or that they were "unnecessary to the maintenance of order in the institution." Watison, 668 F. 3d at 1114-15. The BOP's action of remanding me was unjust and unfair because other residents, who used inappropriate language, were not subjected to imprisonment, they were "talked to" as reported to me by Ashanti during CDC hearing.

3

In Thomas v. Nessinger, 2024 U.S. Dist. LEXIS 234603, asked this court for relief following his remand from Houston House to Wyatt. The petitioner's original case was out of Vermont and at time of petition, he had not requested his supervised release be transferred to Rhode Island. The judge ruled that he was not entitled to relief in R.I. because he was housed in P.A., law required request for transfer of supervised release be addressed to sentencing court, and RI did not have jurisdiction over his criminal case. The petitioner also did not submit medical documentation or other supports challenging the discipline in issue.

    I am referencing this case in order to juxtapose mine against it. I am asking for relief in this court because Rhode Island is where all the material events took place, where records and witnesses pertinent to my claim are located, where my criminal case originates from, and where I will serve my term of supervised release. I have also provided the court medical documentation (submitted by my mother via mail) about the IUD perforation I am experiencing. I continue to experience severe bleeding and intense abdominal pain that I first reported to BOP in June 2023. This serious medical condition did not exist prior to my sentencing and requires specialized treatment. My private provider told me, during July appointment, that removal would be surgical and I could be at risk of serious complications if device was not removed properly.

    I am presenting this complex of circumstances to support contention that there are extraordinary and compelling circumstances to support my release. I have 11.5 months (release date 8/24/26) remaining on my sentence (I do not know the percentage I have completed). I have family support awaiting me and I worked hard to better myself while incarcerated by completing an apprenticeship, participating in substance use programming and engaging in individual and group mental health treatment. I continued this work upon release to RRC by engaging in

4

mental health treatment and remaining medication compliant. I stayed sober and engaged in support groups. I reached out to Probation and applied to HOPE court because it is my goal to never commit a crime again.

I am attesting this to the court in hopes that I have demonstrated that my individual circumstances, coupled with the unjust treatment I recieved from RRC/BOP staff, is enough to warrant a holistic review and determination of release.

Thank you for taking the time to consider my position.

Respectfully submitted,

*Sarah Cavanna*

5