Emergency Request for Immediate Release
Sarah Cavanaugh, BOP # 90889-509
Wyatt Detention Center

In support of 2241 motion

RECEIVED 31, 2025
SEP 11 2025
U.S. DISTRICT COURT
DISTRICT OF R.I.

I am asking for immediate release (enlargement) because of the irreparable harm my re-incarceration continues to have on my health, my employment, my education, and my family. I am asking in a 2241 motion because:

The fundamental purpose of habeas corpus is to allow individuals in custody to challenge the legality of their detention, with its traditional function being "to secure release from" unlawful confinement. Gicharu v. Moniz, No. 23-CV-11672-MJJ, 2023 U.S. Dist. LEXIS 169104, 2023 WL 5833115, at *1 (D. Mass. Sept. 8, 2023).

Below is my explanation of irreparable harm because irreparable harm is an essential prerequisite for a grant of injunctive relief. Irreparable harm may be established where a petitioner will be incarcerated or detained pending the exhaustion of administrative remedies. Brito, 22 F. 4th at 256.

Harm to my health
On 8/28/25, I missed an OBGYN appointment for a medical issue that began in June 2023. During my incarceration and community confinement, I reported symptoms (abdominal pain, bleeding, night sweats, etc.) and received care from my private provider upon release from FPC Danbury. I reported pain to Wyatt providers and signed a release of information when I requested to attend appointment on 8/28/25. Wyatt medical staff informed me they do not have a provider on staff who can appropriately treat me.

I also am not sleeping. I have not been given my night-time medications since being re-incarcerated. I am prescribed Ambien (5mg),

1

Prazosin (4mg) and Melatonin (5mg) by a BOP contracted provider (Dr. Darcey at Counseling and Psychological Center, 941 Park Ave., Cranston, RI.). Wyatt medical staff informed me that I was not "brought in" with these medications and that the Marshalls only provided (to Wyatt) medications provided to them by RRC staff.

Harm to my employment
  I have missed two weeks of work and am only entitled to two weeks of leave per year. Without injunctive relief, I will lose my job.

Harm to my education
  I was accepted into the Justice Through Code program, with on-boarding beginning Sept. 3rd 2025. I went through a long application process (application, interviews, and an assessment) to gain admission to the competitive program. Without relief, I will be unable to attend.

Harm to my family
  I was re-incarcerated without notice or justification which has caused immense stress on my parents.

Finally, I would like to express the damage this situation has caused on my mental and emotional well-being. The BOP has not produced any document substantiating the legality of my detention. The only basis pro-offerred was from RRC staff during CDC hearing on 8/21/25. Those staff explained that my question of another resident's gender created a hostile environment and this was the reason for my removal from program. They told me to wait for DHO decision and follow-up with Wyatt case manager if/when DHO sanction was given about returning to program (if removal was not DHO decision).

2

DHO sanctioned me with loss of 14 good-time conduct days, with no mention of remand or detention. Wyatt case manager is unaware to whom to make request for me to return to program.

I am mentally stressed because I feel as though I am being punished for filing a grievance (BP-8 with letter to Program Director on 8/14/25). I am basing this on the fact that I was not immediately removed from program on 8/12/25 following question incident and that I was called back from work, restricted to RRC house, and then remanded on Friday 8/15/25 after submitting grievance on the evening of 8/14/25. I was not restricted in my movement prior to submitting grievance and multiple staff have told me that I did not use discriminatory intimidation, ridicule, or insults during or after 8/12/25 incident. If my remand was related to the asking of question, then why was I allowed to stay in the program another 2 days? The only action I took following 8/12/25 incident was the submission of grievance. Plus staff have repeatedly emphasized, in incident report, during delivery of incident report, and during CDC hearing, that male residents at RRC were the ones creating a general atmosphere of discrimination by referring to resident "Rose" in derogatory terms.

I submitted my grievance asking for incident report to be updated so it was factually correct and I did so in a respectful, appropriate manner (submitting written statement through a BP-8). My submission of grievance led to my detention and I did not feel comfortable during CDC hearing because I feared if I contested Ashanti's statement that I would remain at Wyatt for the remainder of my sentence because Lorraine told me during CDC that if DHO recommended removal, this is where I would stay. I am presenting this to the Court because I feel I am being retaliated against for submitting a grievance that documented staff violation of HIPPA and do not believe that I was treated fairly in contrast with other residents who acted inappropriately in this ~~incidence~~ incident. If I am here for the question, why didn't DHO identify my removal?

3

There are three other cases where petitioners were re-incarcerated by Patrick McFarland that seem similar to mine in some ways.
1. LaVlave v. Martinez, 609 F. Supp. 3d 164
2. Tompkins v. Pullen, 2022 U.S. Dist. Lexis 141273
3. Freeman v. Pullen, 658 F. Supp. 3d 53

I am trying to present to the Court in a clear and appropriate manner but I am concerned I may mis-apply legal rulings unintentionally. I am asking for counsel to assist me moving forward.

Thank you,
Jarah Cavanaugh

4