UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Sarah Jane Cavanaugh<br>Petitioner,<br><br>v.<br><br>Wyatt Detention Center;<br><br>Respondent. | Civil Action No. 1:25-cv-00420-MSM-AEM |

**THE UNITED STATES' OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO DISMISS**

The United States of America, on behalf of the Bureau of Prisons,[1] respectfully opposes the Petition for writ of habeas corpus ("Petition") filed by Sarah Jane Cavanaugh ("Petitioner"), and moves to dismiss.[2] In her Petition and supplemental filings, Petitioner states that she is seeking the Court to order BOP to release her from Wyatt Detention Facility and return her to community confinement at Houston House in Pawtucket, Rhode Island, where she had previously been housed before receiving multiple disciplinary incident reports. (*See* Petition, ECF 1, at p. 1).

Although Petitioner is housed in Rhode Island, her custodian is the Bureau of Prison's New York Residential Reentry Manager, who is located in the Southern District of New York. (*See* Declaration of P. McFarland ("McFarland Decl.") at ¶ 10). Additionally, Petitioner admits that she is familiar with and has started, but not completed, the administrative exhaustion process. (*See*

---

[1] The Bureau of Prisons ("BOP") is not a named respondent in this action, but because BOP is Petitioner's custodian, the United States submits this opposition on behalf of the BOP.

[2] The government responds to the Petition as contemplated by Rules 4 and 5 of the Federal Rules governing 28 U.S.C. § 2254 cases. See Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition …"); *Vieira v. Moniz*, No. 19-CV-12577, 2020 WL 488552, at *1 n.1 (D. Mass. Jan. 30, 2020) (evaluating the Government's response and dismissing habeas petition under Section 2254 Rules).

Petition at 3). Therefore, the Petition should be denied for two independent reasons: first, this Court does not have jurisdiction over Petitioner's actual custodian, who is located in New York; and second, by her own admission, Petitioner has not exhausted her administrative remedies, and thus she cannot proceed in this Court.

I.      BACKGROUND

On August 9, 2022, Petitioner pled guilty in the District of Rhode Island to wire fraud, aggravated identity theft, forged military discharge certificates, and fraudulent use of military medals. *See United States v. Sarah Cavanaugh*, 22-cr-79-JJM-LDA, Minute Entry of August 9, 2022. On March 14, 2023, she was sentenced by Judge McConnell to a combined sentence of 70 months of imprisonment, followed by supervised release. *See id.*, Minute Entry of March 14, 2023. At the time of sentencing, Petitioner was remanded to custody. *Id.*

As recommended by the Court at the time of sentencing, Petitioner was placed by BOP at the Federal Correctional Institution Danbury, located in the District of Connecticut. On December 15, 2023, Petitioner filed a motion for compassionate release with the sentencing judge. *See id.* at Dkt. No. 54. This motion was denied. *See id.* at Dkt. No. 58.

On May 15, 2025, pursuant to the Second Chance Act, Petitioner was transferred to Houston House, a private, independent residential reentry center in Pawtucket, Rhode Island, with which BOP contracts to provide prerelease custody placement and monitoring for federal inmates, under the custodial control of the BOP's New York Residential Reentry Management Office. *See* McFarland Decl. at ¶ 7. Three months later, on August 15, 2025, Petitioner received her fourth formal incident reports since being placed at Houston House. *Id.* at ¶ 8. As a result, on August 15, 2025, Petitioner was removed from Houston House and placed temporarily at Wyatt Detention Facility. *Id.* at ¶ 9. Assuming receipt of all remaining good conduct time and anticipated First Step Act time available to her, Ms. Cavanaugh is projected for release on August 24, 2026. *Id.* at 6.

2

## II. LEGAL ARGUMENT

### A. Where Jurisdiction over Petitioner's Custodian Does Not Exist, Her Petition Must Be Dismissed.

The Petition should be denied because this Court does not have jurisdiction over Petitioner's custodian.[3] Under 28 U.S.C. § 2242, the appropriate respondent to a § 2241 habeas petition is "the person who has custody over" the petitioner. This proposition is echoed in 28 U.S.C. § 2243, which mandates that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained." "These bedrock principles are confirmed by the controlling case law in this Circuit—the writ must be directed to the person who has 'day-to-day control over the petitioner and is able to produce the latter before the habeas court.'" *Mendez v. Martin*, No. 15-CV-408-ML, 2016 WL 2849598, at *3 (D.R.I. Apr. 19, 2016) (quoting *Vasquez v. Reno*, 233 F.3d 688, 691 (1st Cir. 2000)). Thus, a petition must be filed against the petitioner's "immediate custodian," and a writ of habeas corpus is "issuable only in the district of confinement." *Mendez*, 2016 WL 2849598, at *3, *4 (citing *Rumsfeld v Padilla*, 542 U.S. 426, 442, 447 (2004)); *United States v. Badillo*, No. 10-CR-10341, 2013 WL 6835210, at *2 n.1 (D. Mass. Dec. 18, 2013) (collecting cases)). In *Mendez*, Judge Sullivan thoroughly analyzed the issue and concluded that the petition must be filed against the Petitioner's "immediate custodian." (citing *Rumsfeld v Padilla*, 542 U.S. 426, 447 (2004); *United States v. Badillo*, No. CRIM. 10-10341-MNMG, 2013 WL 6835210, at *2 n.1 (D. Mass. Dec. 18, 2013) (collecting cases)).

---

[3] Petitioner makes reference to compassionate release and/or a reduction in sentence in her filings. To the extent Petitioner is seeking to file a motion for compassionate release or reduction to her sentence, such a motion must be filed with the sentencing judge in Petitioner's underlying criminal case, as Petitioner has done in the past. Petitioner is free to file such a motion to the extent she has a basis to do so. To the extent the Court construes any of Petitioner's filings here to be such a motion, the government requests that it be transferred to Petitioner's criminal case, with an opportunity for the government to respond.

Although Petitioner is currently housed at Wyatt Detention Facility after being transferred from a residential reentry center in the District of Rhode Island, the manager of BOP's Residential Reentry Management Office that includes Rhode Island is located in New York, New York. The Residential Reentry Manager in New York is, and continues to be, Petitioner's ultimate custodian who has control over Petitioner. (*See* McFarland Decl. ¶¶ 2, 3, 10.) Because Petitioner's writ must be directed to the person who has "day-to-day control over the petitioner and is able to produce the latter before the habeas court," *Vasquez*, 233 F.3d at 691, the Petition must be directed to the Residential Reentry Management Office in New York.

Because Petitioner's actual custodian is located in the Southern District of New York, this Court does not have jurisdiction over the Petition because it does not have jurisdiction over the custodian. *See Padilla*, 542 U.S. at 442 ("the court issuing the writ [must] have jurisdiction over the custodian."); *Mendez*, 2016 WL 2849598, at *4.

**B. Petitioner Failed to Exhaust Administrative Remedies.**

As Petitioner concedes, it is well-settled that an incarcerated person must exhaust his or her administrative remedies before filing a petition for habeas corpus under 28 U.S.C. § 2241. *Rogers v. United States*, 180 F.3d 349, 356-58 (1st Cir. 1999) (affirming dismissal of habeas petition where inmate did not exhaust his administrative remedies); *Nygren v. Boncher*, No. 21-40004-JGD, 2021 WL 6139752, at *3 (D. Mass. Dec. 29, 2021). Moreover, exhaustion must be "proper," which requires "compliance with an agency's deadlines and other critical procedural rules," as well using "all steps that the agency holds out." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotations omitted); *see also Rodriguez-Rosa v. Spaulding*, No. 19-CV-11984, 2020 WL 2543239, at *7-11 (D. Mass. May 19, 2020). Petitioner indicates that she is familiar with the administrative exhaustion requirements and process, but she admits that she has not completed the

4

administrative appeal process. (Petition at pp. 3; *see also* McFarland Decl. ¶ 21 (stating that a BP-11 has not been received by BOP)). The Petition should therefore be denied.

Administrative exhaustion "gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.'" *Woodford*, 548 U.S. at 89. Exhaustion in this context also "improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court." *Id*. at 94-95.

BOP's Administrative Remedy Program "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). An inmate must ordinarily first submit a formal Request for Administrative Remedy on the appropriate form (known as the BP-9 or BP-229 form) to the Warden or the Residential Reentry Manager within twenty days of the event that triggered the inmate's grievance. 28 C.F.R. § 542.14(a), (c). An exception to this requirement exists if an inmate wishes to appeal a Discipline Hearing Officer's action; if so, the inmate may bypass the Warden/RRM and file her "BP-10" form with the Regional Director for the region where the inmate is currently located.

If the inmate is not satisfied with the Warden/RRM's response, or if the inmate wishes to appeal a Discipline Hearing Officer action, the inmate must submit an appeal on the appropriate form, a "BP-10" form (which also bears the label "BP-230"), to the applicable Regional Director within twenty calendar days of the Warden/RRM's response. *See* 28 C.F.R. § 542.15(a); 28 C.F.R. § 542.14(d)(2); *see also* ECF No. 4 at page 21 (letter to Petitioner explaining this requirement). The Regional Director has thirty days to respond, with an extension of another thirty days if necessary. 28 C.F.R. § 542.18.

An inmate who is not satisfied with the Regional Director's response may submit an appeal to the Central Office, General Counsel, on a "BP-11" form (which also bears the label "BP-231"), within 30 calendar days of the date the Regional Director signed the response. *See* 28 C.F.R. § 542.15(a). The BOP's Office of General Counsel has forty days to respond to an appeal, with a twenty-day extension if necessary. *See* 28 C.F.R. § 542.18. Appeal to the General Counsel is the final administrative appeal, and no administrative remedy appeal is exhausted until it is considered by BOP's Office of General Counsel. *See* 28 C.F.R. § 542.15(a).

Here, there is no dispute that Petitioner did not complete these administrative exhaustion steps, and Petitioner concedes this. (*See* Petition at p. 3.) Petitioner's filings indicate that she has sent correspondence to BOP regarding her transfer from a halfway house. (*See id*.; ECF 4 at p. 9.) In addition, Petitioner filed a copy of correspondence from BOP's Residential Reentry Manager, providing her with a BP-10 form. (*See* ECF 4 at p. 21). If a petitioner appropriately files a BP-10 appeal with the Regional Director, the Regional Director has 30 days to respond, with an extension of another thirty days if necessary. At that point, if a petitioner is not satisfied, she must file a BP-11 with the Office of General Counsel. 28 C.F.R. § 542.15(a). No administrative remedy appeal is exhausted until it is considered by BOP's Office of General Counsel. *See* 28 C.F.R. § 542.15(a).

There is no dispute that Petitioner has not yet completed this process. The explanation Petitioner offers for her failure to complete the administrative remedy process before filing her petition, as required, is that "exhaustion is merely prudential in this case and I am asking it be excused. I do not have access to a BP-9 or BP-10 forms at current facility." (Petition at p. 3). The correspondence filed by Petitioner, however, indicates that she has been provided with the appropriate form to continue the administrative remedy process regarding the discipline she seeks to challenge, and she provides no other justification for excusing the administrative exhaustion

6

requirement. Petitioner concedes that she has not properly exhausted her administrative remedies; her Petition must, therefore, be dismissed.

## CONCLUSION

For all the above reasons, the government respectfully requests that this Court dismiss the Petition for a writ of habeas corpus, or, in the alternative, transfer it to the Southern District of New York.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

SARA MIRON BLOOM
Acting United States Attorney

*/s/ Bethany N. Wong*
BETHANY N. WONG
Assistant U.S. Attorney
One Financial Plaza, 17th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5001 (fax)
bethany.wong@usdoj.gov

## CERTIFICATION OF SERVICE

I hereby certify that, on September 12, 2025, I caused the foregoing document to be filed by means of this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Fed. R. Civ. P. 5(b)(2)(E) and 5(b)(3) and Local Rules Gen 304 and 305.

I further certify that I caused to be served a copy of the foregoing by First Class mail to:

Sarah Cavanaugh
90889-509
Wyatt Detention Center
950 High Street
Central Falls, RI 02863

*/s/ Bethany N. Wong*
Bethany N. Wong
Assistant United States Attorney