UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Sarah Jane Cavanaugh,<br><br>Petitioner,<br><br>v.<br><br>Wyatt Detention Center,<br><br>Respondent. | Civil Action No. 1:25-cv-00420-MSM-AEM |

## DECLARATION OF PATRICK MCFARLAND

I, Patrick McFarland, do hereby declare, certify and state as follows:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons, as the Residential Reentry Manager ("RRM") at the New York Residential Reentry Management Office in New York, New York. I have held this position since September 2016. I have been employed by the Federal Bureau of Prisons since July 2001.

2. The Federal Bureau of Prisons has contracts with private residential reentry centers to provide prerelease custody placement and monitoring for inmates approaching release from their term of imprisonment. Inmates in contract residential reentry centers remain in the custody of the Federal Bureau of Prisons, under the custodial control of one of the Bureau's Residential Reentry Management Offices.

3. As Residential Reentry Manager, I oversee the BOP's New York Residential Reentry Management Office. The New York Residential Reentry Management Office is responsible for contract management and administration of the residential reentry and home confinement services in several districts, including in the District of Rhode Island.

4. As part of my duties as Residential Reentry Manager, I have access to BOP files maintained in the ordinary course of business, including inmate central files and the SENTRY database. SENTRY is the Bureau's national database which tracks data regarding an inmate's confinement, including, but not limited to, an inmate's institutional history, sentencing information, participation in programs, administrative remedies, and discipline history.

5. It is my understanding that inmate Sarah Jane Cavanaugh, Register Number 90889-509, filed the above-captioned habeas petition.

6. Assuming receipt of all remaining good conduct time and anticipated First Step Act time available to her, Ms. Cavanaugh is projected for release on August 24, 2026.

7. On May 15, 2025, pursuant to the Second Chance Act, Ms. Cavanaugh transferred to Houston House, a private, independent residential reentry center in Pawtucket, Rhode Island, with which BOP contracts to provide prerelease custody placement and monitoring for federal inmates, under the custodial control of the BOP's New York Residential Reentry Management Office.

8. On August 15, 2025, Ms. Cavanaugh received her fourth formal incident report since being placed at Houston House.

9. As a result of Ms. Cavanuagh's disciplinary issues, on August 15, 2025, Ms. Cavanaugh was removed from Houston House and placed temporarily at Wyatt Detention Facility.

10. Although Ms. Cavanaugh is physically housed within the District of Rhode Island, both at Houston House and at Wyatt Detention Center, Ms. Cavanaugh is still serving her term of imprisonment and has remained in the custody of the Federal Bureau of Prisons throughout. As the New York Residential Reentry Manager, I am Ms. Cavanuagh's custodian.

11. BOP's Administrative Remedy Program "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).

12. An inmate must ordinarily first submit a formal Request for Administrative Remedy on the appropriate form (known as the BP-9 or BP-229 form) to the Warden or the RRM[1] within twenty days of the event that triggered the inmate's grievance. 28 C.F.R. § 542.14(a), (c). The Warden/RRM has twenty days to respond, with an extension of another twenty days if necessary. *See* 28 C.F.R. § 542.18.

13. An exception to this requirement exists if an inmate wishes to appeal a Discipline Hearing Officer's action; if so, the inmate may bypass the Warden/RRM and file her "BP-10" form with the Regional Director for the region where the inmate is currently located, as described below.

14. If the inmate is not satisfied with the Warden/RRM's response, or if the inmate wishes to appeal a Discipline Hearing Officer action, the inmate must submit an appeal on the appropriate form a "BP-10" form (a form that also bears the label "BP-230") to the applicable Regional Director within twenty calendar days of the Warden/RRM's response. *See* 28 C.F.R. § 542.15(a); 28 C.F.R. § 542.14(d)(2); *see also* ECF No. 4 at page 21 (letter to Petitioner explaining this requirement). The Regional Director has thirty days to respond, with an extension of another thirty days if necessary. 28 C.F.R. § 542.18.

15. If the inmate is not satisfied with the Regional Director's response, the inmate must submit an appeal on a "BP-11" form (a form that also bears the label ("BP-231") to the Office of General Counsel in the BOP's Central Office within thirty calendar days of the Regional Director's Response. 28 C.F.R. § 542.15(a). The BOP's Office of General Counsel has forty days

---

[1] The Residential Reentry Manager/RRM was formerly known as Community Corrections Manager, abbreviated as CCM.

to respond to an appeal, with a twenty day extension if necessary. *See* 28 C.F.R. § 542.18. If an inmate does not receive a response within the time allotted for reply, including any extension, the inmate may consider the absence of a response as a denial. *Id.*

16. No administrative remedy appeal is exhausted until it is considered by BOP's Office of General Counsel. *See* 28 C.F.R. § 542.15(a).

17. I have reviewed the SENTRY administrative remedy records pertaining to Ms. Cavanaugh in this action.

18. Ms. Cavanaugh recently filed two pieces of correspondence with the Northeast Regional Office, both of which were procedurally rejected. *See* 28 C.F.R. § 542.17(b) ("[w]hen a submission is rejected, the inmate shall be provided a written notice, signed by the Administrative Remedy Coordinator, explaining the reason for rejection. If the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal.")

19. On September 2, 2025, the BOP's Northeast Regional Office received correspondence from Ms. Cavanaugh, in which she requested return to a halfway house. On September 4, 2025, the BOP's Northeast Regional Office procedurally rejected Ms. Cavanaugh's remedy request because she erroneously filed this request to be returned to a halfway house with the Northeast Regional Office. The BOP advised Ms. Cavanaugh to re-file this request at the proper level, and provided Ms. Cavanaugh with the proper form - a "BP-9" form – to do so.

20. On September 2, 2025, the BOP's Northeast Regional Office also received correspondence from Ms. Cavanaugh in which she purported to challenge the underlying discipline that culminated in her transfer from a halfway house back to Wyatt Detention Center. On September 9, 2025, the BOP's Northeast Regional Office procedurally rejected Ms.

4

Cavanaugh's appeal because she failed to utilize the appropriate form (the "BP-10"/"BP-230" form) to do so. The Northeast Regional Office advised Ms. Cavanaugh that she could resubmit her appeal in proper form within ten days of the rejection notice, and provided her with the proper form to do so.

21. The administrative remedy process with respect to the issues raised by Ms. Cavanaugh in her complaint remains ongoing at this time and is not yet complete. Ms. Cavanaugh has not filed, or attempted to file, a BP-11 appeal with the BOP's Office of General Counsel on either her placement at a halfway house or the Discipline Hearing Officer's decision.

> I declare that any and all records attached to this declaration are true and accurate copies maintained in the ordinary course of business by the Federal Bureau of Prisons. I further declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

*Patrick McFarland*　　　　　　　　　　　　09-11-2025
Patrick McFarland　　　　　　　　　　　　　Date
Residential Reentry Manager
New York Regional Reentry Office