UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Sarah Jane Cavanaugh

VS

Wyatt Detention Center

Civil Action No. 1:25-CV-00420-MSM-AEM

September 15, 2025

## RESPONSE TO THE UNITED STATES OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO DISMISS

In their response, BOP argues that my current custodian is P. McFarland, NY RRM located in the Southern District of NY, and that this court does not have jurisdiction over my custodian. The government also argues that my motion should be dismissed because I did not exhaust my administrative remedies. The Government doesn't mention objection to me being released or state the reason that I am still incarcerated when DHO withdrew 14 Good Days Credit for punishment. The Government/BOP relies on Mendez v. Martin, Vasquez v. Reno, and Rogers v. United States to support their claims.

In Mendez v. Martin, Judge Sullivan wrote that the precise nature of immediate-custodian and territorial jurisdiction rules are not totally clear and that the court must consider whether the named respondent has the power to provide the relief sought. Judge Sullivan writes that the court should not hear the case unless the petition is amended to name a respondent who can grant relief and references cases where one petitioner was transferred to the Southern District of GA and another where the petitioner was transferred from RI to NJ (to further illustrate that it is pointless to proceed in the District of RI when the Warden of Wyatt lacks authority to produce the body of a prisoner in the custody of a BOP Warden in PA). Mendez also stars that venue transfer is not an available solution because the Warden of Wyatt was the immediate custodian at time of filing.

There is no statutory requirement that an inmate exhaust administrative remedies before filing a 2241 petition and failure to exhaust can be excused when irreparable injury may occur without immediate judicial relief and when a plaintiff has raised a substantial constitutional question. The Government in their response does not dispute that the execution of my reincarceration violates the Due Process Clause of the Fifth and Fourteenth Amendments and my right to Free Speech under the First Amendment. Nor does the government dispute that I was not given

notice, explanation, or an opportunity to contest decision and the BOP has still not provided me with a reason for my reincarceration. Also the Government does not dispute that their unconstitutional conduct continues to cause irreparable harm to me everyday I remain incarcerated.

Furthermore, in their response, the Government provides no grounds in which to disagree with the facts that I was not afforded sufficient procedural due process; I did not have a probable cause hearing; I did not have a revocation hearing; I was prejudiced in CDC hearing and my speech was chilled because CDC hearing officer (Ashanti) was neither impartial or fair (Ashanti was staff member in incident report whose statement was relied upon to support claim of creating a hostile environment and overstepping boundaries); my First Amendment rights were violated when I was incarcerated as retaliation for filing a grievance; and I have and continue to suffer irreparable harm by the atypical and significant hardship of my reincarceration.

Unlike Mendez, I remain physically incarcerated within the District of RI and I named P. McFarland as respondent (once I was informed by RRC staff at CDC hearing that he was the individual who authorized my remand) in documents I sent to the court because he was able to incarcerate me regardless of his NY location.
In Vasquez v. Reno, that court identified "the default rule," that states a petitioner's immediate custodian is the Warden of the facility where the prisoner is being held, not the Attorney General or other remote supervisory official.
Furthermore, in Adorno v. Nessinger, the petition was transferred to NY court and that court dismissed the motion because that petitioner was never physically located or confined in that district, thus that court did not have jurisdiction over the action.

In Rogers v. United States, petitioner asked that court in a 2255 motion to vacate his sentence and conviction after he was arrested for escape and other charges. The references to his failure to exhaust administrative remedies are related to his request for judicial review of which BOP facility he would be housed at, specifically which prison, and that he made no attempt to raise issue with BOP prior to his filing.
I have attempted to raise issue of my remand to BOP, even though I do not have access to correct forms. A BP10 was not included in my DHO packet which is why I hand wrote my remedy to Regional Director. My certified letter was received by Amy Boncher on 9/2/25 and I have not received a response to date, even though I remain incarcerated and DHO sanction was loss of 14 Good time days.
In Mendez, Judge Sullivan identified that petitioner broadly stated grounds challenging discipline at the first level, thus permitting the potential colorable argument that he did exhaust his remedies when he raised mistakes and introduced new information. Judge Sullivan states that this "peek" clinches matter of exhaustion claim. Like Mendez, I filed a BP8 with RRC raising mistakes and introducing new information related to incident report and the Government has not argued or provided any factual development in response to my claim.

In Hermanowski v. Farquharson, Judge R. LaGueux explained that "exhaustion of administrative remedies is not a prerequisite to the court's invocation of jurisdiction over the habeas corpus request." Furthermore, like in Hermanowski, at stake in this proceeding are constitutional questions regarding the validity of detention and "he was not statutorily required to exhaust his administrative remedies prior to seeking judicial relief for the violation of his due process rights." Wang v. Reno, 81 F.3d 808, 814 (9th Cir. 1996).

My Employer, SER Jobs for Progress (401)785-3190, Craig Baker, has agreed to allow me to return to my employment as long as it is on or before September 30, 2025.

DHO addressed my infractions and as punishment 14 Good Days were removed from my release date. DHO did not mention that I would remain incarcerated indefinitely.

I respectfully ask The Court or order my release to The Halfway House or Home Confinement due to the fact that DHO issued my punishment, which was the loss of 14 Days Good Time and I am still incarcerated with no explanation as to why or when I will be released. DHO didn't say that I would be remanded back to prison or stay incarcerated at Wyatt Detention Center and in the Governments response they didn't object to my release.

Thank you,
Sarah Jane Cavanaugh


I, Sarah Jane Cavanaugh, certify this response was hand delivered to United States Clerk Office Rhode Island District on Monday September 15, 2025.