UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SARAH JANE CAVANAUGH,<br> Plaintiff,<br><br> v.<br><br>WYATT DETENTION CENTER,<br> Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 1:25-cv-00420-MSM-AEM<br>)<br>)<br>)<br>) |

ORDER

Mary S. McElroy, United States District Judge.

 Before the Court is Petitioner Sarah Cavanaugh's ("Cavahaugh") Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, (ECF No. 1.)  In her Petition, Ms. Cavanaugh asserts violations of the Due Process Clause and seeks immediate release.  (ECF No. 1 at 1.)  The United States responds to Ms. Cavanaugh's Petition by arguing two threshold defects: first, that the Court lacks jurisdiction over the Petition; and second, that Ms. Cavanaugh has failed to exhaust her administrative remedies.  Because jurisdiction is dispositive, the Court need not address the exhaustion issue.

 A writ of habeas corpus is a "procedural device to subject restraints of liberty to judicial scrutiny." *Santiago-Melendez v. Puerto Rico*, citing *Peyton v. Rowe*, 391 U.S. 54, 58 (1968).  It is a challenge to the legality of custody by the person held in custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  While a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255, she may challenge the manner or execution of her sentence under 28 U.S.C. § 2241.

Section 2241 allows a federal prisoner "to challenge the execution of (rather than the imposition of) his or her sentence." *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015).

Here, the government has objected to the Petition and challenged this Court's jurisdiction. (ECF No. 10.) "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). The general rule is that jurisdiction lies in only one district and a habeas petition is properly addressed to the "warden of the facility where the prisoner is being held." *Id.* at 437. Because a habeas petition acts on the person holding the prisoner in custody and not upon the prisoner, the Court must determine the location of the person who has custody of Ms. Cavanaugh to determine the proper jurisdiction for this Petition. *See Wales v. Whitney*, 114 U.S. 564, 574 (1885). "District Courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, at 442 (quoting 28 U.S.C. § 2241(a)).

Pursuant to the Second Chance Act, Ms. Cavanaugh was transferred to Houston House, a private, independent residential reentry center in Pawtucket, Rhode Island, on May 15, 2025. (ECF No. 1 at 1.) Houston House contracts with the Federal Bureau of Prisons to provide prerelease custody placement and monitoring for federal inmates, under the custodial control of the Bureau of Prison's New York Residential Reentry Management Office. (ECF No. 10 at 2.) On August 15, Ms. Cavanaugh was transferred from Houston House to temporary confinement in the

Wyatt Detention Facility in Central Falls, Rhode Island. (ECF No. 1.) Although Ms. Cavanaugh is physically incarcerated in Rhode Island, she remains under the custody of the Bureau of Prison's New York Residential Reentry Management Office. (ECF No. 10 at 4; ECF No. 10-1 ¶ 10.) Accordingly, Ms. Cavanaugh's custodian is not the Wyatt Detention Facility but the New York Residential Reentry Management Office's manager: Patrick McFarland.

Because Ms. Cavanaugh's custodian is not in the District of Rhode Island, this court lacks jurisdiction over her petition. The Court finds that it is in the interest of justice to transfer this case to its appropriate judicial district the United States District Court for the Southern District of New York.

For these reasons it is ORDERED that

1. Residential Reentry Manager Patrick McFarland of the New York Regional Reentry Office is substituted as the sole respondent, and the Wyatt Detention Facility shall be terminated as a party to this action.

2. Pursuant to 28 U.S.C. § 1631, the clerk shall transfer this action to the United States District Court for the Southern District of New York

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

September 23, 2025

3